CHARLES D. GILMORE *versus* ANDREW MCNEIL & *al.*

A receipter for goods attached, is bound to deliver, when properly demanded, the identical articles receipted for, and all of them.

Whether it would be otherwise if each article was separately valued in the receipt, *quære.*

If a demand is made on a receipter at any other place than his residence, he is entitled to a reasonable time and opportunity to make the delivery.

But if the receipter had previously disposed of a valuable part of the goods, a demand made in the street is sufficient, though no time and place of delivery is agreed upon, for it would be idle to fix a time and place to do what cannot be done.

ON EXCEPTIONS from the ruling of APPLETON, J.

THIS was an action on a receipt given by the defendants for property of McNeil, valued at $400, attached by the plaintiff, as sheriff of Penobscot county, in an action, John A. Wallis against McNeil, on which judgment was recovered by Wallis, July 31, 1857. Execution was issued, and placed in the hands of Gilmore, the sheriff, who testified that soon afterwards he made a demand on each of the defendants for the goods receipted for. The officer saw McNeil riding in the street, and made the demand upon him when he stopped. No time or place was agreed upon for the delivery.

The defendants both testified, that no such demand had been made upon them; that, on the 18th of August, 1857, they had all the property receipted for in their possession, except a lot of candy, a lot of cigars, a sleigh pung, and part of a harness; that they collected it together, with another sleigh pung of equal value, and a like quantity of cigars as

described in the receipt; that, on that day, they called Gilmore into an office in Bangor, and offered him the property, and also a fresh lot of candy of equal value, or the value of the candy in cash; that Gilmore admitted no demand had been made, made no objection on account of the whole not being the same, but said he would take it at a future time.

There was evidence tending to prove the property offered to be worth $400, and evidence to the reverse on all these points.

On this and the other testimony in the case, the presiding Judge instructed the jury, that it was incumbent on the plaintiff to prove a demand on one or both of the receipters, made by an officer having the execution with him, within thirty days after the rendition of judgment, for the delivery of the property to be taken upon execution; that a demand was good, although made in the street, and no time or place agreed upon for the delivery of the property, as the receipters were bound to have it in readiness; that the receipters were bound to deliver the identical articles named in the receipt; that the plaintiff was not obliged to receive the property if any one article receipted for was missing, and another substituted for it, though of equal value; and that offering the value of missing articles in money would not relieve the receipters from liability.

The verdict was for the plaintiff. The defendants filed exceptions.

*A. Knowles* and *C. S. Crosby*, in support of the exceptions, argued that the demand on McNeil, when he was riding in the street, was not made in a proper place, the articles demanded being too bulky to be carried about the person. It is not reasonable to demand such articles, and fix no time or place for their delivery. Colby's Practice, 18.

A tender of like articles, made in the street, would not be good. 2 Parsons on Contracts, 161, 162. So of a demand, for the same reasons.

It is sufficient if the value in money is offered for a missing

article embraced in the receipt. The receipter is to deliver the property on demand, or to indemnify the officer. If he pays the value of a missing article, it is all he agrees to do. *Phillips* v. *Bridge*, 11 Mass., 242. The candy was a perishable article. It is unreasonable to require a receipter to keep perishable articles to be returned after a lapse of years.

The defendants had a right to deliver enough of the property to satisfy the debt and costs, and keep the rest. The officer could hold no more. The balance belonged to the defendants. If they tendered enough to pay the bills, the officer cannot maintain an action for the balance.

*J. E. Godfrey* and *C. P. Brown*, for the plaintiff.

A demand on a receipter is good wherever made. *Higgins* v. *Emery*, 5 Conn., 76; Chitty on Contracts, 727, 728. When no place is appointed for the delivery of specific articles, the obligor must ascertain from the obligee where he will receive them. *Bixby* v. *Whitney*, 5 Maine, 195; *Bean* v. *Sampson*, 16 Maine, 49. The same property receipted for must be delivered. The obligee was not bound to receive less than the whole, nor goods of the same quality and put up in the same manner as those receipted for. *Smith* v. *Mitchell*, 16 Maine, 49; *Scott* v. *Whittemore*, 7 Foster's N. H. R., 309; *Roberts* v. *Beatty*, 2 Penn., 63; Chitty on Contracts, 446.

The opinion of the Court was drawn up by

APPLETON, J.—The plaintiff having, as sheriff, attached " one horse, one wagon, two sleigh pungs, one harness, two hundred pounds of candy and five thousand Spanish cigars, and all of the value of four hundred dollars," entrusted the same to the defendants, taking from them a receipt in which they promised to deliver the same to him on demand. The testimony of the defendants shows that the cigars, and most of the other articles, had been sold or exchanged before judgment was rendered in the suit on which they had been attached. There was evidence tending to show that, after the issu-

ing of the execution, and within thirty days from the rendition of judgment, the plaintiff demanded of the defendant McNeil, in the street, the property attached, who told him to see Thaxter, the other defendant, of whom he likewise made a demand. Subsequently, on the 18th of August, and within thirty days from the rendition of judgment, the defendants made a tender of some of the articles for which they had given their receipt, and of a different sleigh pung, and cigars of equal value, but other than those attached, and offered to supply the same quantity of fresh candy, or to pay its value in cash.

In the case of a nominal receipt, the receipter is precluded from defending on the ground that no such property as is specified in his receipt was attached. *Morrison* v. *Blodgett*, 8 N. H., 255.

But, in the case before us, there was an actual attachment of specific property. The lien of the officer is upon the property attached. The receipters are the bailees of the sheriff. Their contract is to return the " said property,"—that is, the articles attached. The contract is not to deliver goods of a certain description, which might be satisfied by the delivery of any goods of the character described. It is an agreement to deliver, on demand, the identical goods attached, and it can only be performed by so delivering them. Its performance may be excused by inevitable accident or the act of God. The receipters do not perform their contract by delivering a portion of the identical articles attached, and a portion of substituted articles of the same description and value. *Scott* v. *Whittemore*, 7 Foster, 309. Had each article been separately valued, it might, perhaps, have been different; but here the value of all the articles attached was fixed, and the plaintiff was under no obligation to receive a portion of the identical articles attached, when no excuse was offered or pretended for not delivering the remainder. *Drown* v. *Smith*, 3 N. H., 299.

It was immaterial to the rights of the defendant whether the fact that the articles tendered were other and different

from those attached was known to the plaintiff or not. If a demand had been made, it was the duty of the defendants to comply with it. This they were unable to do, for much the more valuable portion of the property attached had long before been sold. It was for the defendants, if they undertook to make a tender, to see that it was legal. But this, in consequence of their own fault, they could not do.

The demand, under the circumstances, was sufficient, though made in the street. It was held in *Whittemore* v. *Scott,* 7 Foster, 319, that the liability of a receipter upon his contract for property attached is fixed, by not delivering the property when it is demanded. A refusal to deliver is not necessary. "A demand, in whatever words," says SHEPLEY, J., in *Hapgood* v. *Hill,* 20 Maine, 373, "which would inform the plaintiff that the sheriff, having the execution, desired to obtain from him the property attached, would be sufficient." But, undoubtedly, no reasonable construction can require the depositary to have the property ready to deliver wherever he may happen to be when demand is made. If demand be made at any other place than his residence, he is entitled to have a reasonable time and opportunity in which to make the delivery. *Phelps* v. *Gilchrist,* 8 Foster, 266. But the difficulty of the defendants' position is, that, long before judgment was rendered, they had parted with a very considerable portion of the property attached, and were not in a condition to comply with or perform the terms of their contract. In *Drown* v. *Smith,* 3 N. H. 299, the attachment was of books, a portion of which had been sold, and the residue were tendered to the officer having the receipt, and refused by him. "Indeed," remarks RICHARDSON, C. J., "it was admitted that the defendant had sold a considerable portion of the books, and as he had thus voluntarily disabled himself to return a part of the books, we are of opinion that the officer ought not to be compelled to take the residue."

The demand, therefore, under the state of facts disclosed by the defendants, was sufficient to fix their liability. The demand might be sufficient, though no time nor place of de-

livery was agreed upon. If the defendants had shown that they had the property, and required a reasonable time in which to deliver it, the case would have been different. But, if the property did not exist so that it could be tendered, any agreement fixing the time and place of delivery of what had ceased to exist, would be an idle and useless ceremony. *Gordon* v. *Wilkins,* 20 Maine, 134. The defendants, if their own statements were to be believed, were unable at any time after judgment to perform their contract. The five thousand Spanish cigars were sold; each had accomplished its destiny,

> " *tenuesque recessit,*
> *Consumpta in ventos.*"

The candy was not forthcoming. Substitution would not answer the contract. Performance of their contract by the defendants, by their own acts, was out of their power. Their liability was fixed upon the demand made and the neglect to deliver.

The defendants have no just ground of complaint of the instructions given.                    *Exceptions overruled.*

TENNEY, C. J., and CUTTING, MAY, DAVIS, and KENT, J. J., concurred.